IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONNA CAIN AND STEVE ROGIAN                                              PLAINTIFFS

v.                             Case No. 4:10-CV-04011

NEVADA COUNTY SCHOOL DISTRICT                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs Donna Cain and Steve Rogian's Motion for Summary Judgment (Doc. 20), Defendant Nevada County School District's Motion for Summary Judgment (Doc. 23), Plaintiffs' Response (Doc. 26), and Defendant's Response (Doc. 28). For the reasons set forth below, Plaintiffs' Motion for Summary Judgment (Doc. 20) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 23) is **GRANTED**.

**I. Background**

Plaintiffs Cain and Rogian are the parents of a disabled child, J.C., who received special education services from Defendant Nevada County School District. Due to a dispute that arose between Plaintiffs and Defendant concerning the method for providing J.C. with a free and appropriate public education, Plaintiffs filed a complaint with the Arkansas Department of Education on September 17, 2009, alleging among other things that Defendant failed to provide J.C. with appropriate teachers and aides, an appropriate Individualized Education Program ("IEP"), extended year services, appropriate curriculum and evaluations, and failed to follow the IEP during the 2008-2009 school year.

In response to Plaintiffs' complaint, an administrative due process hearing was scheduled for October 27, 2009. Prior to that hearing, Defendant was required by the terms of the Individuals with

Disabilities Education Act ("IDEA") to hold a Resolution Session to attempt to resolve the dispute.[1] *See* 20 U.S.C. § 1415 (f)(1)(B).

Ultimately, the agreement reached by the parties regarding J.C.'s education was titled "Resolution Agreement" (*see* Doc. 1-1), and it resolved all pending disputes except for the payment of Plaintiffs' attorney's fees. Specifically, the Resolution Agreement required, among other things, that J.C. receive a full-time aide to assist him throughout the school day; that Defendant evaluate J.C. to determine whether he would benefit from occupational therapy services; that Defendant provide J.C. with a minimum of 180 hours of free compensatory education for missed classroom instruction; that J.C. be considered for placement at the Rainbow of Challenges school in Hope, Arkansas; that J.C.'s IEP be modified to reflect the most appropriate program in the least restrictive educational environment for the remainder of the 2009-2010 school year; and that Defendant prepare an appropriate graduation diploma for J.C. so that he may participate in all activities related to graduation. The Resolution Agreement expressly acknowledged that Plaintiffs, in signing the Agreement, had also exhausted all their administrative remedies and would dismiss their pending administrative complaint with prejudice.

Once the Resolution Agreement was signed, the due process hearing originally scheduled for October 27, 2009, was cancelled and the case dismissed. At that point, Plaintiffs made a request to Defendant for payment of Plaintiffs' attorney's fees. That request was refused, and the instant action for fees ensued. Pursuant to the parties' mutual agreement, the Court was asked to resolve this

---

[1] The parties disagree about whether the Resolution Session truly occurred. Plaintiffs maintain that the Session was held, while Defendant asserts that no Session was held, and instead counsel for both parties came to a separate agreement through negotiation.

dispute on cross-motions for summary judgment.

## II. Standard of Review

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)). When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. Discussion

The parties agree that there is no dispute of material fact. *See* Doc. 21, p. 5 and Doc. 24, p. 5. Therefore, the Court shall render judgment as a matter of law. The issue before the Court is whether Plaintiffs are entitled to an award of attorney's fees for being the "prevailing party" in their claim brought pursuant to the IDEA. The law provides that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the

costs to the prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415 (i) (3) (B) (i) (I) . "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002)(quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

The IDEA was passed by Congress in order to ensure "that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs . . ." 20 U.S.C. § 1400 (d). "Parents prevailing in an IDEA action receive no compensatory or punitive damages. Rather, the purpose of an IDEA due process action is to ensure that the rights of disabled children and their parents are protected, and that the disabled child receives the free appropriate public education to which he or she is entitled." *Neosho R-V School District v. Clark*, 315 F.3d 1022, 1035 (8th Cir. 2003) (citations omitted).

A parent who prevails in an action to advocate for the proper education of his disabled child initially undertakes such advocacy at personal cost if an attorney is retained. Attorneys' fees can be costly, depending on the length of the dispute and the level of contentiousness involved in achieving resolution. Congress intended that meritorious actions taken on behalf of disabled children receive the benefit of attorneys' fee awards; otherwise, only those who could afford to sue for enforcement of their rights would receive the protection and benefit of the law. *See* 132 Cong. Rec. S. 9277 (July 17, 1986) ("What we do here today is to make the Education of Handicapped Act consistent with more than 130 other fee shifting statutes which provide for the award of attorney's fees to parties who prevail in court to obtain what is guaranteed to them by law"); *Borengasser v. Arkansas State Bd. of Ed.*, 996 F2d. 196, 199 (8th Cir. 1993) (the IDEA attorneys' fee provision enables fees to be

4

awarded to the prevailing party "unless 'special circumstances' exist to make an award unjust" (citation omitted)).

A plaintiff who prevails at the state administrative level when suing on behalf of a disabled student is entitled to attorneys' fees just as one who prevails in judicial proceedings. *Johnson v. Bismarck Public School District*, 949 F.2d 1000, 1003 (8th Cir. 1991); *John T. v. Iowa Dep't of Ed.*, 258 F.3d 860, 866 (8th Cir. 2001) ("Courts may award attorneys' fees under IDEA for legal work performed in connection with administrative proceedings"). Moreover, the clear language of the IDEA provides relief for "any action or proceeding brought." 20 U.S.C. § 1415 (i) (3) (B).

There is no dispute here that Plaintiffs succeeded on the merits of their claims. They were successful in obtaining services for their disabled child by virtue of filing an IDEA complaint and requesting a due process hearing. Pursuant to the Resolution Agreement eventually signed by all parties prior to the due process hearing, Defendant is now required to change J.C.'s educational placement from homebound services to that of full-time student at Nevada County High School. In addition, Defendant must provide J.C. with a full-time aide, a minimum of 180 hours of compensatory education services, and various other accommodations. *See* Doc. 28, ¶ 8.

Despite the fact that Plaintiffs achieved benefits for their child after filing their IDEA complaint, the law in this circuit is clear that it takes more than successful settlement of an IDEA dispute in order to secure reimbursement of attorneys' fees. The Supreme Court held in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001), that attorneys' fees can only be awarded to parties who receive a final judgment on the merits or a court-ordered consent decree. *Id.* at 604-05. Although the *Buckhannon* court did not examine the IDEA's attorney fee-shifting provisions specifically, it analyzed fee-shifting provisions with language

identical to the IDEA. *Id.* When the Eighth Circuit had the opportunity to interpret *Buckhannon* in *Christina A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003), it denied "prevailing party" status to those litigants who prevailed via private settlement. The *Christina* court stated succinctly that in light of *Buckhannon*, "[a] private settlement agreement is not enough." *Id.* An attorneys' fee award cannot be given "where there is no judicially sanctioned change in the legal relationship of the parties. *Buckhannon*, 532 U.S. at 605. Even if the lawsuit itself brings forth voluntary change by a defendant, such change "lacks the necessary judicial *imprimatur* . . ." to confer "prevailing party" status. *Id.* at 601.

Other courts of appeal have similarly applied *Buckhannon* to the IDEA and held that IDEA plaintiffs who achieve their desired results via private settlement are not to be considered "prevailing parties" and cannot recover attorneys' fees under 20 U.S.C. 1415 (i). *See e.g., T.D. v. La Grange Schl. Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003); *John T. v. Del. County Intermediate Unit*, 318 F.3d 545, 560-61 (3rd Cir. 2003); *J.C. v. Reg'l Schol. Dist. 10*, 278 F.3d 119, 124 (2d Cir. 2002); *Doe v. Boston Public Schools*, 358 F.3d 20, 29-30 (1st Cir. 2004).

This Court is obliged to follow the Eighth Circuit's precedent in *Christina*, and its interpretation of *Buckhannon*, for the proposition that attorneys' fees may only be granted to "prevailing parties" who secure their victories "through the supervising court's exercise of its contempt powers. . ." *Christina*, 315 F.3d at 993, *quoting Hazen ex rel. LeGear v. Reagen*, 208 F.3d 697, 699 (8th Cir. 2000). It is clear that in the instant case if Defendant fails to follow through with provisions outlined in the parties' Resolution Agreement, this failure would not support a contempt citation by a court; instead, Plaintiffs would be required to bring a separate action for breach of contract to enforce the Agreement. *See id.* This demonstrates the private, voluntary nature of the

6

Resolution Agreement and shows that the Agreement lacks the enforceability of a judicial order or a consent decree. Accordingly, the circumstances of the case at bar require that Plaintiffs bear their own attorney's fees and costs incurred in securing J.C.'s rights under the IDEA.

## IV. Conclusion

Plaintiffs' Motion for Summary Judgment (Doc. 20) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 23) is **GRANTED**. Because Plaintiffs' relief was obtained by way of private settlement in the course of IDEA proceedings, Plaintiffs are not considered a "prevailing party" entitled to reimbursement of attorneys' fees and costs pursuant to 20 U.S.C. § 1415 (i) (3) (B) (i) (I). Accordingly, this case is dismissed with prejudice, and the parties are to bear their own fees and costs. Judgment shall enter contemporaneously herein.

IT IS SO ORDERED this 20th day of December, 2011.

/s/ P. K. Holmes, III

**P.K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**